# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **CASY FRAZEE** | **MO: 17-CR-00153** |
| | **MO: 19-CV-00036** |
| **V.** | |
| **UNITED STATES OF AMERICA** | |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. §2255

Comes now, the United States of America by and through the United States Attorney and the undersigned Assistant United States Attorney, and makes this Response to Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. §2255, filed on February 5, 2019, the United States would show the Court the following:

## PROCEDURAL BACKGROUND

A grand jury returned a One Count Indictment against the Petitioner and six co-Defendants on June 21, 2017, for a violation of Title 21, U.S.C. §846, Conspiracy to Possess with Intent to Distribute Fifty Grams or More of Actual Methamphetamine.

On August 17, 2017, the Petitioner pled guilty. On December 6, 2017 the District Judge sentenced the Petitioner to, *inter alia*, 292 months of confinement. Attorney Josh Stephens represented the Petitioner through the sentencing. The Petitioner appealed and Attorney Aaron Eckman represented the Petitioner throughout his appeal. On August 8, 2018, the Fifth Circuit denied his appeal, based upon the *Anders* brief Attorney Eckman filed.

## PETITIONER'S CLAIMS

Petitioner alleges that his trial Defense and Appellate counsel were ineffective in that: 1) the Defense Counsel failed to object to the "Indictment's failure to provide notice of drug quantities;" 2) the Defense Counsel failed to object to the leadership role attributed by the USPO

in the presentencing report; 3) the cumulative impact of Multiple Deficiencies or Errors by Counsel During the Pretrial, Plea, Sentencing and Direct Appeal Process; and, 4) the Conviction and Sentence Violate the Fifth and Sixth Amendments to the Constitution. The Petitioner's allegations warrant no relief from the conviction or sentence entered by this court.

## GOVERNMENT'S RESPONSE

## INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on an ineffective assistance of counsel claim a defendant must show both that: (1) trial counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (*quoting United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). "It is insufficient for a defendant merely to prove that counsel's conduct was deficient; a defendant must have also been prejudiced by this ineffective legal assistance." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). Unless the Defendant establishes both deficient performance and prejudice, the claim fails. *Id*. The *Strickland* test is also applicable to appellate representation. *See generally, Penson v. Ohio*, 488 U.S. 75 (1988).

The first prong is only satisfied where the Defendant shows that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687. To establish deficient performance, a Defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

"[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* (*citing Strickland*, 466 U.S. at 688-689). The Fifth Circuit has explained that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martin v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005) (*citing United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "Given the almost infinite variety of possible trial techniques and tactics available to counsel," the Fifth Circuit has stated that it "will not second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

"[S]crutiny of counsel's performance must be highly deferential." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995), *citing Strickland*, 466 U.S. at 689. In explaining the "highly deferential" scrutiny to be afforded to the performance of counsel, the Supreme Court in *Strickland* stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "*might be considered sound trial strategy*." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689 (emphasis added). The *Strickland* Court further explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Id.* at 690.

3

## The Indictment Appropriately Alleged Drug Quantities

The Petitioner's first allegation of ineffective assistance of counsel is that the Defense Counsel failed to object to the "Indictment's failure to provide notice of drug quantities." The Indictment did, in fact, provide appropriate notice of statutory penalty-enhancing drug quantities.

"The drug quantity determination is critical to the statutory sentencing provisions in 21 U.S.C. § 841. Section 841 consists of two relevant subsections. Section 841(a) makes it unlawful for any person to manufacture or distribute a controlled substance. Section 841(b) defines the applicable penalties for violations of § 841(a) based on the type and quantity of drug, previous convictions, and whether death or serious bodily injury resulted from use of the drug. The structure of § 841 is similar to that described by Justice Thomas in his concurrence to *Apprendi* [*v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] 'if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact—of whatever sort—the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravating crime.' *Id*." *United States v. Doggett*, 230 F.3d 160, 164 (5th Cir. 2000).

In this case, the Indictment alleged fifty grams or more of actual methamphetamine, which subjects the Petitioner to the higher statutory sentencing range under which he was sentenced. Specifically, his statutory sentence was confinement between ten years and life because of the properly alleged drug quantity.

The Petitioner's claim seems to have more to do with relevant conduct of co-conspirators and how that relevant conduct affected his Sentencing Guidelines calculations. "In the case of a

4

jointly undertaken criminal endeavor, relevant conduct extends to the acts of others, so long as those acts were '(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity.' [U.S.S.G.] § 1B1.3(a)(1)(B)." *United States v. Castillo*, 732 F. App'x 267, 268 (5th Cir. 2018).

In the Petitioner's Objections to the PSR, Attorney Stephens made five objections, Objections 1-5, that dealt specifically with the relevant conduct of co-conspirators and the attribution of the relevant conduct to the Petitioner. (Doc. 189) The judge overruled the objections and made an appropriate determination of attributable relevant conduct and base offense level, based on the Sentencing Guidelines.

The Petitioner's claim of ineffective assistance of counsel has no merit – the proper statutory minimum sentence and maximum sentence, based on drug quantities in the statute, were applied based on the properly pled Indictment. Further, the relevant co-conspirator drug quantities attributable to the Petitioner under the Sentencing Guidelines were properly objected to by Attorney Stephens and litigated during the sentencing hearing. There was no ineffective assistance of counsel regarding the statutory drug quantities or the relevant conduct under the Sentencing Guidelines.

**Leader/Organizer was an Appropriate Enhancement**

The Petitioner's second allegation of ineffective assistance of counsel is the Defense Counsel failed to object to the leadership role attributed by the USPO in the presentencing report. This allegation is factually inaccurate.

Attorney Stephens objected to the four-point enhancement for leader/organizer in his

response to the PSR.  Objection 7 denies the Petitioner's responsibility as leader/organizer, contrary to the evidence in the factual basis and contrary to the Probation Officer's analysis of the facts.  The matter was litigated at the sentencing hearing and the judge appropriately awarded the enhancement for leader/organizer.

Paragraphs 4b.-4e. of the Factual Basis in the Petitioner's Plea Agreement detail the Petitioner's conduct, while in confinement, in which he engaged in extensive recorded discussions regarding narcotics activity that he was directing involving a number of co-Defendants.  (Doc. 41)  Attorney Stephens raised the leader/organizer enhancement in a written objection, and the judge overruled the objection.  Attorney Stephens did everything he could have done to object to the enhancement and preserve the issue for appeal.  Attorney Stephens was not only not ineffective, but he was thorough and diligent.  His seven written and filed objections were well-considered and well-articulated.  Further, he was actually able to prevail on one objection and gain back three points for acceptance of responsibility that the U.S. Probation Officer had recommended he lose.

**Additional Vague Claims of Ineffectiveness and Constitutional Violations are Inadequately Alleged**

The Petitioner's third and fourth claim are generalized allegations of multiple errors and a conviction and sentence in violation of the Fifth and Sixth Amendments to the Constitution.  A movant's claim of ineffective assistance of counsel must be stated with specificity; conclusory allegations are insufficient to raise a constitutional issue.  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.1990).  The Petitioner makes vague claims of multiple errors by Trial and Appellate Counsel, but makes no specific factual claim regarding any act or omission by either counsel that

was deficient. Further, he makes no showing how any such error prejudiced him. He also makes a generalized allegation that his conviction and sentencing violate his Fifth and Sixth Amendment rights.

In his rambling Statement of the Claim, he vaguely claims the Government breached the Plea Agreement, without specifically claiming how the Government breached the Plea Agreement. He also makes vague allegations that his counsel didn't investigate certain laws and certain facts, without providing any facts that support his allegation and without showing a reasonable probability that any outcome would have been different if such facts were true. He alleges that his Trial Counsel failed to advise him of all the facts and law related to his decision to plead guilty, without identifying what facts and what law of which he was unaware, and how any such advice would have changed any outcome. He alleges that his Trial Counsel had a conflict of interest, without identifying the conflict of interest. In short, there are no allegations made with specificity, supported by facts, other than the two specifically addressed above, which give rise to a claim of ineffective assistance of counsel.

The Government notified Attorney Stephens, via email, of this case on March 5, 2019, and provided a copy of the Petitioner's submission. The Government requested an affidavit from Attorney Stephens on April 1, 2019, and sent reminder emails on April 11, 2019 and April 22, 2019. As of the date of this filing, he has not provided an affidavit.

## THE COURT SHOULD DENY A CERTIFICATE OF APPEALABLITLY

The final order in a *habeas corpus* proceeding may not be appealed by the Petitioner unless this court or the Fifth Circuit Court of Appeals issues a certificate of appealability. The governing law, 28 U.S.C. §2253(c) provides that: "A certificate of appealability may issue ...

only if the applicant has made a substantial showing of the denial of a constitutional right. The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." *Id*. *See Lackey v. Johnson*, 116 F.3d, 151 (5th Cir. 1997) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues.) A Petitioner satisfies the certificate of appealability standard by demonstrating that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014). The Petitioner has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. §2253(c)(2). Petitioner's claims should be denied and the court should deny Petitioner a certificate of appealability.

### EVIDENTIARY HEARING IS NOT REQUIRED

Since the issues before this court can be resolved on the basis of the conclusive record in this case, an evidentiary hearing is unnecessary. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where Petitioner's allegations are affirmatively contradicted by the record." *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979), *cert. denied*, 450 U.S. 934 (1981).

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence, and urges the Court to deny Petitioner's

Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255.

        Respectfully submitted,
        JOHN F. BASH
        UNITED STATES ATTORNEY

By:   /s/ Glenn Harwood
      GLENN HARWOOD
      Assistant United States Attorney
      TX Bar No. 24095647
      400 W. Illinois, Suite 1200
      Midland, Texas 79701
      432-686-41110

## Certificate of Service

By signing above, I hereby certify that on May 8, 2019 I filed this document with the Clerk using the CM/ECF filing system, and mailed a copy to the Defendant at:

CASY FRAZEE #79199-180
FCI Florence
P.O. Box 6000
Florence, CO  81226-6000

        /s/ Glenn Harwood
        GLENN HARWOOD
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| CASY FRAZEE | MO: 17-CR-00153 |
|---|---|
| V. | MO: 19-CV-00036 |
| UNITED STATES OF AMERICA | |

## **ORDER**

ON THIS DATE came on to be considered the Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence by **CASY FRAZEE** in the above-numbered and styled cause, and the Court after considering same is of the opinion that said motion should be DENIED.

IT IS, THEREFORE, ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence by **CASY FRAZEE** be and is hereby DENIED with prejudice.

SIGNED and ENTERED this the _____ day of _____, 2019.

_____
DAVID COUNTS
United States District Judge