UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO:  MO:17-CR-00153(1)-DC |
| | § | MO:19-CV-00036 |
| (1) CASY FRAZEE | § | |

## ORDER DENYING 28 U.S.C. §2255
## AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court is Movant Casy Frazee's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §2255 ("§2255"), filed with this Court on February 5, 2019. [docket number 248]. Also before the Court is the Government's Response to Movant's §2255, filed May 8, 2019. [docket number 254]. To date, this Court has received and granted six Motions for Extension of Time from Movant, the last of which expired on June 26, 2020. [*See generally* docket]. On June 25, 2020, Movant filed a self-styled "placement holder" notice wherein he stated that sometime in the future he would be filing a claim based on *United States v. Haymond*, 139 S.Ct. 2369 (2019). [docket number 267]. On June 26, 2020, Movant finally filed his Reply to the Government's Response. [docket number 268]. After consideration of all the filings in this case, the Court finds that this §2255 must be denied as it fails due to a plea agreement waiver as well as on the merits.

### I.      Facts & procedural history

By way of background, on June 21, 2017, a Grand Jury sitting in Midland, Texas, filed an Indictment against Movant for Conspiracy to Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine. [docket number 10]. On August 17, 2017, Movant pleaded guilty to Count One of the Indictment pursuant to a plea agreement. [docket number 141]. On December 6, 2017, the Court sentenced Movant to 292 months imprisonment, to be followed by

5 years supervised release, and a $100 special assessment. [docket number 229]. Trial counsel Joshua Stephens timely filed Notice of Appeal and a Motion to Withdraw, allowing the Court to appoint Aaron Eckman as appellate counsel. [docket numbers 237 & 238]. On August 8, 2018, after appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Fifth Circuit Court of Appeals dismissed Movant's appeal. *United States v. Frazee*, 734 F. App'x 269 (5th Cir. 2018). [docket number 246]. Movant then timely filed his §2255 on February 5, 2019. [docket number 248]. Therein, he raised the following liberally construed claims:

1. Defense counsel failed to object to the indictment's failure to provide notice of drug quantities;

2. Defense counsel failed to object to the leadership role enhancement attributed by the U.S. Probation Officer in the Presentencing Investigation Report;

3. The cumulative impact of multiple deficiencies or errors by counsel during the pretrial, plea, sentencing and direct appeal process;

4. The conviction and sentence violate the Fifth and Sixth Amendments to the Constitution;

5. Counsel "labored under an actual conflict of interest"[1] which adversely effected their performance during the pretrial, plea, sentencing, and direct appeal process. Counsel owed a duty to other than Movant. This duty was in conflict with the duty owed to Movant;

6. Movant's sentence was imposed as the result of an incorrect application of the sentencing guidelines; and,

[*Id.*].

7. In his Notice filed June 25, 2020, Movant informed the Court he would be filing another claim pursuant to *United States v. Haymond*, 139 S.Ct. 2369 (2019), without further explanation or elaboration as to its applicability.[2]

---

[1] [docket number 248 at 23].

[2] The Court would note that Movant failed to ask for a seventh extension of time to complete his *Haymond* claim as part of this Notice. [docket number 267]. Even had he asked for more time, this Court would not be inclined to grant another extension since over a year had passed from the Government's filing its Response on May 8, 2019, to Movant finally filing his Reply on June 26, 2020. [docket numbers 254 & 268, respectively].

[docket number 267].

**II.      §2255 in general**

In this collateral attack on a judgment of conviction, Movant has the burden of proving that his constitutional rights have been violated. *Hawk v. Olsen*, 326 U.S. 271, 279 (1945); *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938); *Rimanich v. United States*, 357 F.2d 537, 538 (5th Cir. 1966); *United States v. Atkins*, 834 F.2d 426, 435 (5th Cir. 1987).

Under §2255, a federal prisoner can get relief if he can establish that: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to a collateral attack. 28 U.S.C. §2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). In other words, §2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal. *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

A habeas petitioner has the burden of proving facts in support of his claims. Although courts must construe §2255 motions liberally, conclusory allegations unsupported by any specific facts do not raise a constitutional issue in a habeas corpus proceeding. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989). Unsupported conclusory allegations simply do not warrant habeas relief. *Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983).

**III.      Plea agreement waiver**

Movant signed a Plea Agreement on August 17, 2017, containing the following waiver provision:

> I also voluntarily and knowingly waive any right to contest the sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on my counsel and counsel for the Government, I do not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

[docket number 141 at 7, ¶7].

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a §2255 Movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a §2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. The Fifth Circuit noted that it has upheld §2255 waivers except when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

The Court notes that Movant does not allege that he unknowingly or involuntarily signed this plea agreement. Nor does this Court find any evidence that the plea was involuntary or unknowing. However, to the extent that this claim could be considered a challenge to the voluntariness of his plea, this Court finds that Movant knowingly and voluntarily pleaded guilty.

Movant's does not present an issue reserved for appeal in his waiver. His allegations do not allege that he suffered from ineffective assistance of counsel that affected the validity of the waiver itself or that he suffered from prosecutorial misconduct of a constitutional dimension. Consequently, Movant's narrow reservation to collaterally attack this conviction and sentence does not apply. Movant's grounds for relief are denied in the alternative because of this plea agreement waiver.

## IV.     Ineffective assistance of counsel standard

A movant seeking relief under 28 U.S.C. §2255 bears the burden of sustaining his contentions by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). When judging any claim of ineffectiveness, the benchmark standard must be whether the counsel's conduct so undermined the proper functioning of the adversarial process such that the trial court cannot be relied upon as having produced a just result. U.S.C.A Const. Amend. 6. A movant must demonstrate that (1) his counsel's performance was deficient, and (2) that the deficiency prejudiced him to the extent a fair trial could not be achieved. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficiency is judged by an objective reasonable standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687–88. The prejudice element requires a movant to prove that absent the disputed conduct of counsel, the outcome would have been both different and more favorable. *Id.* at 694–95. Under *Strickland*, a movant must establish both deficiency and prejudice prongs to be entitled to habeas relief. The failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Seyfert*, 67 F.3d at 547.

All that is required before the Court can deny a §2255 motion is conclusive evidence — and not necessarily direct evidence — that a movant is entitled to no relief. *United States v.*

*Drummond*, 910 F.2d 284, 285 (5th Cir. 1990). The Court can deny a §2255 motion without holding an evidentiary hearing when it affirmatively appears from the papers on file with the Court that the claims asserted in such motion are without merit. *Smith v. United States*, 431 F.2d 565, 566 (5th Cir. 1970); *see also United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993) ("Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing."). In this connection, "the courts in post-conviction relief applications may exercise a sound judicial discretion to decline to re-try issues fully and finally litigated in the proceedings leading to judgement of conviction and direct appeal therefrom." *Bearden v. United States*, 403 F.2d 782, 784 (5th Cir. 1968).

Having reviewed Movant's motion and the record, the Court finds Movant is not entitled to the relief he seeks. In order to support his claims of ineffective assistance of counsel, Movant would have to present evidence that would overcome two presumptions weighing against him: (1) that he stands fairly and finally convicted, *United States v. Frady*, 456 U.S. 152, 164 (1982), and (2) that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687. Movant has not adduced any facts that would overcome such presumptions. He has provided only conclusory allegations that speculate that the outcome would have changed had his counsel taken a different approach than the strategy in which trial counsel confronted the case. Such conclusory allegations are insufficient to raise a constitutional issue. *See United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989).

Under the deficiency prong of *Strickland*, judicial scrutiny of counsel's performance is "highly deferential" and "a strong presumption" is made that "trial counsel rendered adequate

assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1064–65 (5th Cir. 1992) (citing *Strickland*). To overcome the presumption of competence, the movant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland*, a movant must be able to establish that absent his counsel's deficient performance, the result of his trial could have been different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination of whether counsel has rendered reasonably effective assistance turns on the totality of the facts in the entire record. Each case is judged in light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690. "We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices." *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999) (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)).

To reiterate, in order to establish ineffective assistance of counsel, Movant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Movant's §2255 fails to demonstrate either deficient performance or prejudice in his ineffective assistance of counsel claims.

## V.     Discussion

**1.  Defense counsel failed to object to the indictment's failure to provide notice of drug quantities; and,**

**2.  Defense counsel failed to object to the leadership role enhancement attributed by the U.S. Probation Officer in the Presentencing Investigation Report.**

Movant's first two claims are of ineffective assistance of counsel in that counsel failed to object to the indictment's failure to provide notice of drug quantities and to the leadership role enhancement. In this case, the indictment alleged fifty grams or more of actual methamphetamine, which subjected Movant to the higher statutory sentencing range under which he was sentenced. Specifically, his statutory sentence was confinement between ten years and life because of the properly alleged drug quantity. The relevant co-conspirator drug quantities attributable to Movant under the Sentencing Guidelines, which appears to be what Movant is actually objecting to, were properly objected to by counsel and extensively litigated during sentencing. [*See* docket number 244 at 3–7].

Also, counsel did specifically object to the leadership role enhancement at sentencing. [*Id.* at 18–22]. His objection was overruled by the Court. [*Id.* at 22]. Counsel cannot be faulted for simply losing the argument as to either objection. An attorney's responsibility is only to present the argument; he has no control over the judge's ruling on the argument, and he thus cannot be considered ineffective merely because an argument is rejected. *See, e.g., Alamia v. United States*, No. 8:06–CV–2322, 2007 WL 1747184, at *3 (M.D. Fla. June 18, 2007) (unpublished) ("A lawyer is not ineffective because a judge rules against his argument.").

There is no ineffectiveness in counsel's failing to win an objection at sentencing, especially in light of the facts of this case. Finding no deficient performance by counsel and no resulting prejudice to Movant, this Court finds there was no *Strickland*-level ineffective

assistance of counsel in this instance, and these two ineffective assistances of counsel claims are denied.

### 3. The cumulative impact of multiple deficiencies or errors by counsel during the pretrial, plea, sentencing and direct appeal process.

As for Movant's cumulative error claim, the Fifth Circuit has explained that "the cumulative error doctrine ... provides that an aggregation of non-reversible errors (*i.e.*, plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir.1998) (citations omitted). On claims of cumulative error, we "review the record as a whole to determine whether the errors more likely than not caused a suspect verdict." *Derden v. McNeel*, 978 F.2d 1453, 1457 (5th Cir. 1992) (en banc) (citation omitted).

The Fifth Circuit has recognized the concept of cumulative error in the context of 28 U.S.C. §2254. *See id.* at 1454. To the extent such concept applies in the context of §2255, Movant must establish errors in the conduct of his federal criminal proceedings that may be cumulated. *See United States v. McIntosh*, 280 F.3d 479, 484 (5th Cir. 2002) (in absence of error, no cumulative error) (citation omitted).

However, Movant has not established any errors to accumulate. He merely complains about matters that do not, individually or in combination, amount to error. Movant attempts to rely upon the collective force and effect of the various alleged errors committed by his counsels as an independent basis for federal habeas relief. However, a movant who attempts to cumulate trial court errors that do not rise to the federal constitutional dimension has presented nothing to cumulate. *See Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). As the Fifth Circuit once succinctly stated, "[t]wenty times zero equals zero." *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987).

Moreover, the Fifth Circuit's "clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006); *see also Miller v. Johnson*, 200 F.3d 274, 286 n. 6 (5th Cir. 2000) (stating that in the absence of specific demonstrated error, a defendant cannot, by definition, show that cumulative error of counsel deprived him of a fair trial); *Yohey*, 985 F.2d at 229 (stating that because certain alleged errors did not rise to constitutionally ineffective assistance of counsel, and because certain other claims were meritless, a petitioner had "presented nothing to cumulate"). "Meritless claims or claims that are not prejudicial [or claims that are procedurally barred] cannot be cumulated." *Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005) (addition in the original). Movant's claim of cumulative error does not entitle him to relief pursuant to 28 U.S.C. §2255, consequently his third ground for relief is without merit, and is denied.

### 4.  The conviction and sentence violate the Fifth and Sixth Amendments to the Constitution.

Movant's fourth claim is conclusory, refuted by the record, and subject to dismissal. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations of deficient performance and prejudice do not satisfy *Strickland's* two-pronged test); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) ("If, on the record before us, 'we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary[.]'") (citing *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995)); *Sevim v. United States*, 16-

CR-266-SS, 2018 WL 4762140, at *3 (W.D. Tex. Oct. 1, 2018) ("Conclusory allegations of ineffective assistance of counsel are insufficient to warrant an evidentiary hearing or to support relief pursuant to section 2255.") (citing *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007)). Movant never elaborates on what violated his rights, other than to state without further explanation that the Government violated his plea agreement.

"In deciding whether the Government violated a plea agreement, this Court considers 'whether the Government's conduct was consistent with the defendant's reasonable understanding of the agreement.'" *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014) (quoting *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005)). "The plea agreement is construed strictly against the Government as drafter of the agreement," but "[t]he defendant has the burden of demonstrating the underlying facts that establish the breach by a preponderance of the evidence." *Id.* (citations omitted). However, in Movant's fourth claim, there is nothing but vague speculation which provides Movant no basis for relief as no due process violation is shown. In the absence of any facts supporting this claim whatsoever, the Court must deny the claim as conclusory. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim.").

> **5. Counsel "labored under an actual conflict of interest" which adversely effected their performance during the pretrial, plea, sentencing, and direct appeal process. Counsel owed a duty to other than Movant. This duty was in conflict with the duty owed to Movant.**

According to Movant's §2255, both his trial and appellate counsel, respectively, labored under conflicts of interest. However, Movant never elaborates as to what those conflicts of interest were, or how both trial and appellate counsel "labored under [] actual" conflicts of interest. [docket number 248 at 23].

The Sixth Amendment right to counsel includes the right to representation that is free from any conflict of interest. *United States v. Bernard*, 762 F.3d 467, 476 (5th Cir. 2014); *United States v. Hernandez*, 690 F.3d 613, 618 (5th Cir. 2012); *United States v. Garcia–Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). A conflict of interest exists when defense counsel places himself in a position conducive to divided loyalties. *Hernandez*, 690 F.3d at 618; *United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008). "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012) (to prove ineffective assistance based on a conflict of interest, a criminal defendant must show "that an actual conflict of interest adversely affected his lawyer's performance"); *Burns*, 526 F.3d at 856 ("To establish a Sixth Amendment violation on the basis of a conflict of interest the defendant must demonstrate: (1) that his counsel acted under the influence of an actual conflict; and (2) that the conflict adversely affected his performance at trial.").

The *Cuyler* standard differs substantially from the *Strickland* test in that *Cuyler* requires no showing of "prejudice." *See Strickland*, 466 U.S. at 692 (recognizing prejudice is presumed under the *Cuyler* test only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."); *United States v. Newell*, 315 F.3d 510, 516 (5th Cir. 2002) ("When a defendant has been able to show that his counsel 'actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance,' constitutional error has occurred and prejudice is inherent in the conflict."); *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000) (discussing the distinction between the *Cuyler* and *Strickland* tests).

In *Beets v. Scott*, 65 F.3d 1258 (5th Cir. 1995) (en banc), *cert. denied*, 517 U.S. 1157, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996), the Fifth Circuit rejected a broad-ranging application of the *Cuyler* standard to complaints of ineffective assistance arising from alleged conflicts of interest by defense counsel. *See Beets*, 65 F.3d at 1268 (holding that not every potential conflict, even in multiple client representation cases, is an "actual conflict' for Sixth Amendment purposes). Subsequently, the Fifth Circuit has consistently refused to apply the *Cuyler* test outside the context of multiple representation situations. *See*, *e.g.*, *Bernard*, 762 F.3d at 476 (in cases other than multiple representation, the standard for testing conflict of interest arises under *Strickland*); *Bostick v. Quarterman*, 590 F.3d 303, 306 n. 2 (5th Cir. 2009) (In the absence of a *Cuyler v. Sullivan* actual conflict, a defendant who claims his attorney had a conflict of interest must show a reasonable probability that the conflict prejudiced the defense, undermining the reliability of the proceeding); *United States v. Garza*, 429 F.3d 165, 172 (5th Cir. 2005) ("*Cuyler* only applies where an attorney was effectively, if not technically, representing multiple clients in the same proceeding."), *cert. denied*, 546 U.S. 1220, 126 S.Ct. 1444, 164 L.Ed.2d 143 (2006); *Newell*, 315 F.3d at 516 (holding *Strickland* "more appropriately gauges an attorney's alleged conflict of interest arising not from multiple client representation but from a conflict between the attorney's personal interest and that of his client"); *Perillo*, 205 F.3d at 781 ("An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client.").

Movant does not allege any specific facts showing that either trial or appellate counsel were actively representing multiple parties with conflicting interests at the time they prepared the case, negotiated Movant's plea deal, assisted Movant at sentencing, or filed his direct appeal

brief. As a result, Movant's allegations of a conflict of interest on the part of trial and appellate counsels must be reviewed under the *Strickland* standard, and as this Court has already found, under *Strickland* Movant fails to demonstrate either deficient performance or prejudice, therefore, this claim also fails.

Movant's conflict of interest claim fails because it is nothing more than a glorified *Strickland* claim. In his Reply to the Government's Response, he attempts to elaborate on his allegation of conflict of interest against trial counsel. [docket number 268]. "Attorney Stephens was acting in conflict by falsely advising his client to sign a plea agreement that went against his client's instructions that he was not willing to agree to being a leader or no more than 50 grams of meth as the total drug amount." [*Id.* at 14]. However, this is not a *Cuyler* conflict of interest, as already explained. At best, it is a *Strickland* level claim of ineffectiveness, which this Court has already found inapplicable. All of Movant's belated conflict of interest arguments, appearing for the first time in detail in his Reply, simply allege run of the mill allegations of ineffectiveness based on the same facts concerning the desire to withdraw the plea agreement and "renegotiate"[3] a more favorable one and not real conflicts of interest. This fifth claim is denied.

### 6. Movant's sentence was imposed as the result of an incorrect application of the sentencing guidelines.

In Movant's sixth claim, he alleges his sentence imposed was the result of an incorrect application of the sentencing guidelines, without elaborating further. However, the Court notes that claims concerning a district court's application of the Sentencing Guidelines are not cognizable under §2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (holding defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in §2255 proceeding); *United States v. Walker*, 68 F.3d 931,

---

[3] [*Id.* at 15].

934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

This is because the claims "could ... have been raised on direct appeal." *Gaudet*, 81 F.3d at 589. And "[a] district court's technical application of the [Sentencing] Guidelines does not rise to a constitutional issue." *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice…Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."); *and see United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (If a defendant believes that his sentence has been calculated incorrectly under the Sentencing Guidelines, he may raise that claim on direct appeal, but not on collateral review.). Movant's claim of error, that being the technical application of the Sentencing Guidelines by this Court, is not cognizable in a §2255, and this sixth claim must be denied.

### 7.  Movant's *United States v. Haymond*, 139 S.Ct. 2369 (2019) claim

Movant's seventh and final claim is more a notice that a final claim based on *Haymond* is coming, sometime in the future. However, after having analyzed his possible *Haymond* claim under the current caselaw, this Court concludes this final claim must also be denied.

Movant calls his Notice a "placement holder." [docket number 267]. "A 'placeholder' motion is a skeletal document filed to satisfy the period of limitations, with the intent of filing a real or completed petition at a later date." *United States v. Jackson*, CR. No. 0:98–1126–JFA, 2006 WL 5083826 (D.S.C. Dec. 8, 2006). A "place-holder" §2255 motion cannot serve to extend

the limitations period for claims that have not been sufficiently asserted, as here. *United States v. Crawley*, No. CRIM. A. H–06–204, 2010 WL 4393970, at *11 (S.D. Tex. Oct. 29, 2010).

In addition, the filing of a "placeholder" §2255 motion does not warrant the application of equitable tolling. The limitations period for §2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). The Fifth Circuit has held, for example, that a petitioner was prevented in some extraordinary way from asserting his rights where a court misled him into thinking that he had more time to file a habeas petition or §2255 motion than he actually had. *See United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) (allowing for equitable tolling when the trial court mistakenly granted Petitioner's motion to withdraw his §2255 motion ten days prior to the expiration of the one-year limitation and expressly referenced the wrong date, a year later, as the deadline for filing).

Movant's skeletal *Haymond* claim fails to establish a basis for equitable tolling for a future-filed fleshed-out claim. As the Fifth Circuit has stated, ignorance of the law does not establish equitable tolling. *See Felder*, 204 F.3d at 171–72 (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, illiteracy, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Movant has not provided this Court with a good reason for equitable tolling to apply nor does

Movant ask this Court for equitable tolling or even mention equitable tolling by name. Therefore, this Court finds nothing to justify the extraordinary measure of granting equitable tolling.

The Fifth Circuit has disapproved of the application of equitable tolling for ignorance of the law, *pro se* status alone, lack of legal training or for circumstances which are "garden variety claims of excusable neglect." *Turner v. Johnson*, 177 F .3d 390, 392 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Lockingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). The movant bears the burden of establishing equitable tolling, *United States v. Petty*, 530 F.3d 361 (5th Cir. 2008), by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way of timely filing his §2255 motion." *Lawrence v. Florida*, 597 U.S. 327 (2007). Movant has provided no basis for equitable tolling of the statutory period of limitations.

In light of the fact that he waited until June 25, 2020 to file his *Haymond* claim, one day before the expiration of the statute of limitations on any possible *Haymond*-related claim, were *Haymond* even retroactive to cases on collateral review,[4] seems to run contrary to the very definition of due diligence. Movant's argument for needing more time to develop his *Haymond* claim — the pandemic — is clever but unpersuasive, as that has only recently become an issue,

---

[4] "We begin our analysis of that step by determining whether *Haymond* announced a substantive or a procedural rule. We conclude *Haymond* announced a procedural rule. *Haymond* does not 'alter[ ] the range of conduct or the class of persons that the law punishes'—possessing child pornography is still a crime after *Haymond*. But it does 'regulate[ ] ... the manner of determining the defendant's culpability.' Indeed, *Haymond*, like *Alleyne*, 'allocate[s] decisionmaking authority,' *Schriro v. Summerlin*, between the judge and a jury. 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). And the Court has repeatedly held '[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules.' *Id. Haymond's* status as a procedural rule signals the end of the road for its bid to become retroactive." *United States v. Salazar*, 784 F. App'x 579, 583 (10th Cir. 2019).

"Rather, *Haymond* is an extension of *Alleyne's* holding that 'in an ordinary criminal prosecution, a jury must find facts that trigger a mandatory minimum prison term.' *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring) (citing *Alleyne*, 570 U.S. at 103, 133 S.Ct. 2151). No court has ever recognized *Alleyne* as retroactive. *United States v. Hoon*, 762 F.3d 1172, 1173 (10th Cir. 2014). Even *Apprendi*, which formed the basis for *Alleyne*, was not a 'watershed' procedural decision. *See United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002); *see also In re Payne*, 733 F.3d 1027 (10th Cir. 2013) (agreeing with the Seventh Circuit that 'rules based on *Apprendi* do not apply retroactively on collateral review' (quotations omitted)). Considering all this, a reasonable jurist could not debate the conclusion that *Haymond* is not retroactive and does not satisfy section 2255(f)(3)." *Id.* at 583–84.

and he had an entire year from June 26, 2019 to develop his claim. Given the absence of any facts in the record that would constitute a rare or exceptional circumstance, equitable tolling of the limitations period is not available. Because Movant has not made a showing of extraordinary circumstances or diligence on his part to file a timely §2255 motion which includes his *Haymond* claim, equitable tolling does not apply.

Then again, having reviewed Movant's possible claim in light of the Fifth Circuit's *Haymond* jurisprudence, the Court finds Movant's claim necessarily fails. *See United States v. Skidmore*, 805 F. App'x 333 (5th Cir. 2020). In *Haymond*, the United States Supreme Court held that a revocation of supervised release and imposition of a mandatory minimum sentence pursuant to 18 U.S.C. §3583(k), based on judge-made findings by a preponderance of the evidence, violated due process and the right to a trial by jury. *United States v. Haymond*, 139 S.Ct. 2369, 2378–83 (2019). Unlike §3583(k), which mandated a mandatory minimum of five years for certain offenses such as possession of child pornography, Movant never had a §3583(k) revocation related to this case.[5] Furthermore, the *Haymond* plurality emphasized that its decision was limited to §3583(k) and its mandatory minimum provision, and explicitly disclaimed any view on the constitutionality of §3583(g), while the Fifth Circuit was explicit on both that provision and §3583(e)(3). *See Haymond*, 139 S.Ct. at 2382–84 & n.7; *United States v. Badgett*, 957 F.3d 536, 540–41 (5th Cir. 2020); *United States v. Belmontes*, 807 F. App'x 292, 295–97 (5th Cir. 2020); *and United States v. Smithey*, 790 F. App'x 643 (5th Cir. 2020). In light of *Haymond's* limited holding, Movant's *Haymond* claim is denied as inapplicable.

---

[5] Movant did have a revocation related to a different case, MO:15-CR-00026, but *Haymond* is also inapposite in that case for the exact same reasons as clarified herein.

## VI.    Certificate of appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. §2253. *See* Fed. R. App. P. 22 (b). Rule 11 of the Rules Governing §2255 Proceedings requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing §2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A movant satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A district court may deny a COA, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 898, 898 (5th Cir. 2000). Upon review and consideration of the record on whether Movant has made a showing that reasonable jurists would question this Court's rulings, the Court determines that he has not and that a COA should not issue for the reasons stated in this Order. The Court therefore denies a COA.

## VII.    Conclusion

This Court now denies all of Movant's §2255 claims on the merits, as well as due to a plea agreement waiver, and denies a certificate of appealability.

It is so **ORDERED**.

SIGNED this 7th day of July, 2020.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE